# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID G. MARESCA,** : | No. 3:07cv720 |
| **Plaintiff,** : | |
| : | (Judge Munley) |
| **v.** : | |
| : | |
| **ELIZABETH L. MARESCA,** : | |
| **DOMESTIC RELATIONS of MONROE** : | |
| **COUNTY, PENNSYLVANIA,** : | |
| **JUDGE JONATHAN MARK, and** : | |
| **JUDGE ARTHUR ZULICK,** : | |
| **Defendants** : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court for preliminary consideration is plaintiff's complaint (Doc. 1). Because plaintiff filed an application to proceed *in forma pauperis* with this court (Doc. 2), we give his complaint a preliminary screening to determine whether we should allow the issuance of summons and service of the complaint.

**Background**[1]

This case has its origins in a dispute over child custody and spousal support that has played out in Pennsylvania courts over at least the last eight years. The events that gave rise to the complaint began in part when Pennsylvania State Police arrested the common-law husband of plaintiff's ex-wife (Defendant Maresca) for threatening to kill a man with a shotgun. (Complaint (Doc. 1) (hereinafter "Complt.")

---

[1]We derive these facts from the plaintiff's complaint, accepting them as true for the purpose of our preliminary consideration of this matter.

at 4). In 1998 plaintiff filed suit seeking custody of his daughter, who was then living with her mother. (Id.). A state court apparently ordered a mental evaluation of Defendant Maresca's paramour and an inspection of the living conditions in her home. An agency–presumably Defendant Monroe County Domestic Relations Department–conducted this investigation and found the living conditions for plaintiff's daughter appropriate. (Id.). Plaintiff sought information on this decision from investigators, and plaintiff alleges that Judge Mark refused to grant a state-court hearing on the propriety of the investigator's findings. (Id.).

At some point in this process, plaintiff was injured on the job and received a workers' compensation settlement. (Id.). His employer thereafter fired him. (Id.). After this injury settlement, plaintiff's ex-wife sought and obtained an adjustment to the child support owed her by the plaintiff. (Id. at 4-5). Plaintiff sought relief from these agency findings, but the state courts refused to enforce plaintiff's subpoenas for evidence concerning them. (Id. at 5). The court also refused plaintiff's motion for waiver of the filing fee in his case, causing him to spend money he claims he should not have had to spend. (Id.). Plaintiff's ex-wife allegedly received more income than she reported to the federal government, and she also benefitted from a "lump-sum" payment her common-law husband received. (Id.). She allegedly did not report this income. (Id.). Plaintiff received unemployment compensation, food stamps and heating oil assistance based on his low income, but still paid the same direct support for his child as his wife. (Id.). He also provided a "safe refuge" for his daughter

when things "[got] wild" at his ex-wife's house.  (Id. at 6).  Still, plaintiff contends that his ex-wife's lawyer mailed a false statement by U.S. mail in connection with the case.  (Id.).

Plaintiff brings the instant complaint pursuant to 42 U.S.C. § 1983, alleging that defendants violated his due process rights while operating under the color of state law. His complaint apparently contains four counts.  First, plaintiff contends that Judges Jonathan Mark and Arthur Zulick of the Court of Common Pleas of Monroe County, Pennsylvania violated his constitutional rights by denying his petition to waive the filing fees for a court document, abused proceedings to cover illegal conduct, and "railroad[ed]" him into jail to end his custody proceeding.  (Complt. at 2).  Second, plaintiff alleges that Defendants Maresca and the Domestic Relations Department of Monroe County operated under color of state law to deprive him of his constitutional rights by ignoring and improperly assembling evaluations of his daughter's home environment.  He also complains that these defendants failed to follow state law regarding custody hearings.  Count Three, which is not addressed to any particular defendant, alleges that "[t]he U.S. Mail was used to perpetrate a fraud on the Plaintiff for financial gains" by an unnamed person operating under color of state law.  (Id. at 3).  Apparently, this fraud occurred when the attorney for plaintiff's ex-wife used the mail to file a statement with a state court she allegedly knew to be untrue.  In Count Four, plaintiff contends that one of the defendants–presumably Defendant Maresca–evaded Federal Income Taxes and lied about that evasion

3

during support proceedings. He also asserts that the Domestic Relations Department knew of this behavior and concealed that knowledge. This action, he argues, violated his constitutional rights and also constituted negligence.

As relief, plaintiff: asks the court to: 1) issue a writ of habeas corpus in the event plaintiff were incarcerated; 2) issue a temporary injunction halting state custody and support cases; 3) grant a transfer of the child custody case to the Court of Common Pleas in Scranton, Pennsylvania; 4) entertain claims against plaintiff's ex-wife and the Pennsylvania Department of Domestic Relations for negligence; and 5) issue an injunction to bar defendant and her live-in boyfriend from selling or mortgaging the home in which they lived.

**Jurisdiction**

Because plaintiff brings his complaint pursuant to 42 U.S.C. § 1983, we have jurisdiction pursuant to 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). We have supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**Legal Standard**

Under 28 U.S.C. § 1915(d), we are permitted "to consider whether an *in forma pauperis* complaint is frivolous or malicious before authorizing issuance of the summons and service of the complaint." Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996). We may "dismiss as frivolous claims based on an

indisputably meritless legal theory and whose factual contentions are clearly baseless." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). We undertake such an evaluation before service of the complaint.

**Discussion**

Plaintiff apparently brings an "appeal to this Court from adverse decisions of the Court fo Common Pleas" in Monroe County, Pennsylvania. (Complt. at 2). He contends that by the decisions of two judges on that court "my appeal rights were unjustly taken from me by the courts [sic] decisions." (Id.). To the extent that this complaint seeks review of the decisions of a lower state court, we find that plaintiff has filed a "frivolous claim based on an indisputably meritless legal theory." Jeffes, 904 F.2d at 194. This court does not serve as an appeals court for the Court of Common Pleas of Monroe County, and we do not have authority to review lower state courts' decisions on state law. See In re GMC Pick-Up Truck Tank Prods. Liab. Litig., 134 F.3d 133, 143 (3d Cir. 1998) (holding that "[d]istrict courts lack subject matter jurisdiction once a state court has adjudicated an issue because Congress has conferred only original jurisdiction, not appellate jurisdiction, on the district courts."); D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983) (holding that "a United States District Court has no authority to review final judgments of a state court in judicial proceedings. Review of such judgments may be had only in [the Supreme Court]."). Our authority extends to cases arising under federal law or the United States Constitution, and to cases between citizens of

5

different states or countries where the amount in controversy exceeds $75,000. See 28 U.S.C. § 1331 (establishing that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); 28 U.S.C. § 1332(a) (establishing that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" citizens of different states or citizens of one state and a foreign country.). The proper forum for plaintiff's challenge to the decisions of the Monroe County courts is an appeal to higher courts in Pennsylvania.

Plaintiff also apparently brings a claim in Count 1 pursuant to 42 U.S.C. § 1983 against Jonathan Mark and Arthur Zulick, Judges of the Monroe County Court of Common Pleas, alleging that the judges denied a petition to waive fees for filing an exception to the report of a special master, acted to cover illegal conduct and attempted to "railroad" the plaintiff into jail in an attempt to force him to end his custody case. (Complt. at 2). This claim also rests on a meritless legal theory. The United States Supreme Court has been clear that "'judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly.'" Stump v. Sparkman, 435 U.S. 349, 355 (1978) (quoting Bradley v. Fisher, 13 Wall. 335, 351 (1872)). This doctrine aims to keep judges independent from influence and protect them from intimidation by those who would

use the threat of court action to influence the outcome of a proceeding. See Pierson v. Ray, 386 U.S. 547, 554 (1967) (finding that "it is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feeling in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decisionmaking but to intimidation."). The claims here are grounded in the way that Judge Zulick and Judge Mark performed their duties in plaintiff's child custody case. Since plaintiff cannot obtain any relief on this claim, we will dismiss it as frivolous.

Count Two, plaintiff's claim against his ex-wife, avers that she acted under color of state law to deprive him of his constitutional rights. This claim is clearly frivolous. Plaintiff does not allege that Defendant Maresca was acting as an employee of the state, and nothing in the filings indicates that she was operating in any role other than as a private citizen. Since Section 1983 applies only to parties who act under color of state law, plaintiff could not possibly prevail against a private citizen on such a claim. See West v. Atkins, 487 U.S. 42, 48 (1988) (holding that "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged

deprivation was committed by a person acting under color of state law.").[2]  Since Defendant Maresca's conduct here alleged neither "involves an activity that is significantly encouraged by the state or in which the state acts as a joint participant" or "involves an actor that is controlled by the state, performs a function delegated by the state, or is entwined with governmental policies or management," we could not find that Defendant Maresca is a state actor.  Leshko v. Servis, 423 F.3d 337, 340 (3d Cir. 2005).  Plaintiff also fails to state which of his federal rights Defendant Maresca violated, and the facts that he alleges–that she violated federal tax law and misled state investigators in a child custody case–could not be interpreted as an allegation that defendant violated any of plaintiff's rights.  We will therefore dismiss the complaint against Defendant Maresca as frivolous.

Plaintiff's allegations against the Domestic Relations Department of Monroe County are similarly frivolous.  Plaintiff alleges that Domestic Relations denied him a required hearing on custody of his daughter, violating his constitutional due process rights.  His complaint states, however, that "State law required a hearing on custody within 90 days under this circumstance [and] it has been 2 ½ years and no hearing." (Complt. at 3).  This claim is clearly barred by the statute of limitations for actions

---

[2]Section 1983 establishes that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

8

under 42 U.S.C. § 1983.  State law applies to §1983 claims when determining the appropriate statute of limitations "if it is not inconsistent with federal law or policy to do so." Wilson v. Garcia, 471 U.S. 261, 265 (1985).  For cases brought in Pennsylvania, "all §1983 claims should be characterized for statute of limitations purposes as actions to recover damages for injuries to the person." Springfield Township School District v. Knoll, 471 U.S. 288, 289 (1985). Applying that principal, Pennsylvania law requires that the plaintiff commence his action within two years of his injury.  See 42 Pa. CONS. STAT .ANN. §5524(7) (establishing a two-year statute of limitations for "any . . . action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct").  Pennsylvania courts have ruled that the statute of limitations begins to run in cases where an injury is ongoing "when the plaintiff knows, or reasonably should know: (1) that he has been injured, and (2) that his injury has been caused by another party's misconduct." Cathcart v. Keene Indus. Insulation, 471 A.2d 493, 500 (Pa. Super. Ct. 1984).

     Here, plaintiff clearly admits that he knew of his alleged injury from the agency defendant more than two years ago, and his claim on that process ground is barred by the statute of limitations.  To the extent that plaintiff's claim is about the determination the agency made about custody for his daughter, plaintiff has no constitutional claim and this court does not have authority to reassess the agency's determination.  We are not a court of appeals to which any party dissatisfied with the

actions of a state agency can turn for redress. We have jurisdiction to hear appeals of agency actions only when they decide a matter of federal law. See, e.g., Verizon Maryland Inc. v. Public. Serv. Comm'n of Maryland, 533 U.S. 635, 643-44 (2002); Rural Iowa Indep. Telephone Ass'n v. Iowa Utilities Board, 362 F.3d 1027, 1030 (8th Cir. 2004) (finding that "district courts have jurisdiction to determine whether a state administrative agency correctly interprets federal law."). The agency decision interpreted state law on child custody, and we may not therefore sit in review of that decision.

Count Three, which alleges a constitutional violation because plaintiff's ex-wife's attorney used the U.S. Mail fraudulently, is also frivolous. This allegation may state a claim of perjury in a filing to a state court; read broadly, it may allege some federal crime. In either case, plaintiff does not allege any facts that indicate a constitutional violation occurred, or that he can offer any scenario in which one could be proved. A private attorney using the United States mail to commit fraud related to a state court proceeding does not constitute action that violates a right secured by federal law under the color of state law. See Steward v. Meeker, 459 F.2d 669, 669-70 (3d Cir. 1972) (holding that while a private attorney acting in her client's interests is "an officer of the court," her requirement of loyalty to her client means that she is "not acting under color of law within the meaning of section 1983."); Messa v. Allstate Ins. Co., 897 F. Supp. 876, 883 (E.D. Pa. 1995) (finding that "[a]lthough attorneys are by virtue of their duties clothed with an element of state authority, an

10

attorney merely acting on behalf of private clients does not incur liability under § 1983, absent an allegation of conspiracy with a state official."). Here, the actor is a private citizen and no constitutional right to be free of false testimony exists. The facts described by plaintiff do not contain the possibility of a conspiracy with a state official to violate federal law. Accordingly, plaintiff's allegations under 42 U.S.C. § 1983 therefore are frivolous and we will dismiss them.

Count Four similarly does not state a claim on which plaintiff could possibly obtain relief. That count apparently alleges that Defendant Maresca violated federal law regarding the reporting of income and filing of taxes and that the defendant county agency aided this evasion. While evading taxes is a federal crime, the Internal Revenue Code does not give individuals a private right of action to prosecute individuals for that crime. See, e.g., Lyden v. Tiger, No. 05-4861, 2006 WL 755999, at *4 (D. N.J. Mar. 15, 2006) (finding that "[t]ax evasion is a cause of action that may only be brought by the United States Government."); United States v. Romano, 938 F.2d 1569 (2d Cir. 1991) (finding that "[i]n order to prevail on this charge of tax evasion, the *government* must prove the existence of three elements–(1) a substantial tax debt; (2) willfulness; and (3) an affirmative act by the defendant . . . with the intent to evade or defeat a tax payment of it.") (emphasis added); 26 U.S.C. § 7201 (establishing that "[a]ny person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon

11

conviction thereof, shall be fined not more than $100,000 ($500,000 in the case of a corporation), or imprisoned not more than 5 years, or both, together with the costs of prosecution."). Plaintiff's allegation in Count Four is therefore wholly lacking merit and frivolous. Accordingly, we will dismiss that count.

In any case, plaintiff could not obtain the relief he seeks from this court. While we have authority to issue a writ of habeas corpus for state prisoners held in violation of the United States Constitution, we do not have the authority to issue such a right in a speculative fashion. See 28 U.S.C. § 2254(a) (establishing that "[t]he Supreme Court, a Justice thereof, a circuit judge or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States.") (emphasis added). Since plaintiff is not in custody, we cannot order a writ of habeas corpus to be issued. See, e.g., Guy v. Ciccone, 439 F.2d 400, 401 (8th Cir. 1971) (holding that "appellant's claims of illegality of confinement and illegality in the proceedings resulting in his confinement have now been mooted by his complete release from confinement, and this appeal must be dismissed.").[3]

---

[3] We note as well that plaintiff has not suffered any injury since he has not been confined. The issue of his custody is therefore not ripe, and plaintiff lacks standing to seek a writ of *habeas corpus*. See Lujan v. Defenders of Wildlife, 560-61 (holding that "our cases have established that the irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an 'injury in fact'–an invasion of a legally protected interest which is (a) concrete and particularized [citations omitted] and (b) 'actual or imminent, not 'conjectural' or hypothetical,'' [citations omitted]. Second, there must be a causal connection between the injury and the conduct complained of . . .

12

Similarly, we do not have authority to halt state court proceedings unless particular conditions are met. See In re G.M., 134 F.3d at 143 (holding that the Anti-Injunction Act prevents federal courts from enjoining state proceedings "'except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgements.'") (quoting 28 U.S.C. § 2283). Plaintiff does not allege grounds for such an injunction, and we could not issue one. Unless we are sitting in diversity (which we are not here), we do not have jurisdiction to hear cases arising under state law, much less tell state courts where to hear their cases. See 28 U.S.C. § 1331 (establishing that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."). Pennsylvania law determines the proper venue for cases in Pennsylvania courts, and determining whether one venue would be more convenient than another is a matter for the parties to a case to determine. See In re Estate of R.L.L., 409 A.2d 321, 322 n.3 (Pa. 1979) (holding that "[v]enue is the place in which a particular action is to be brought and determined, and is a matter for the convenience of the litigants."); 42 PENN. CONS. STAT. § 931(c). For the reasons explained *supra* plaintiff cannot state claims for negligence against either his ex-wife or the Department of Domestic Relations, and we therefore cannot maintain our

---

[citations omitted]. Third, it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'"). Here, plaintiff clearly has suffered no injury from his feared imprisonment. He has not been convicted of any crime, or even charged with one. We cannot find that his injury is actual or imminent. In short, his injury is not ripe, and he lacks standing to seek *habeas* relief.

13

jurisdiction to hear those claims.  Plaintiff also provides us with no grounds to prevent Defendant Maresca from selling or mortgaging her home, and we cannot do so absent some reasons grounded in federal law.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID G. MARESCA,** | : | No. 3:07cv720 |
| **Plaintiff,** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **ELIZABETH L. MARESCA,** | : | |
| **DOMESTIC RELATIONS of MONROE** | : | |
| **COUNTY, PENNSYLVANIA,** | : | |
| **JUDGE JONATHAN MARK,** | : | |
| **JUDGE ARTHUR ZULICK, and** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

     **AND NOW**, to wit, this 21st day of May 2007, upon preliminary consideration of plaintiff's complaint (Doc. 1) filed *in forma pauperis*, we will **DISMISS** the complaint as frivolous and indisputably meritless.  Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is **GRANTED** solely for purpose of undertaking this examination.  The Clerk of Court is directed to close the case.

                                                    **BY THE COURT:**

                                                   **s/ James M. Munley**
                                                   **JUDGE JAMES M. MUNLEY**
                                                    **United States District Court**